IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-09-2134** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **E. GEE,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Presently before the court are Plaintiff Kareem Hassan Milhouse's motion for discovery (Doc. 164) in which Plaintiff requests certain discovery prior to trial currently scheduled for August 14, 2012 (*see* Doc. 158), and Plaintiff's October 13, 2011 motion to compel Defendants to comply with a court order (Doc. 105) related to similar discovery.   For the reasons that follow, the motions (Docs. 105 & 164) will be denied.

## I.    <u>Background</u>

Plaintiff filed a *Bivens*-styled complaint pursuant to 28 U.S.C. § 1331 against several USP-Lewisburg officials on November 2, 2009, as amended May 10, 2010.  (Doc. 30.)  Plaintiff has alleged various constitutional violations against Defendants, including excessive use of force, conditions of confinement, a strip

search, and verbal harassment.  On July 8, 2010, Defendants filed a motion for

summary judgment.  (Doc. 42.)  On August 17, 2011, the court issued a

memorandum and order granting in part and denying in part the motion for

summary judgment filed by Defendants.  (Doc. 78.)  Specifically, the court granted

summary judgment with respect to nine Defendants, but denied summary judgment

with respect to Plaintiff's claim of excessive use of force on October 23, 2009,

when Defendants Gee and Crawford escorted Plaintiff to a holding cell and placed

him in that cell.  (*See id*.)

Thereafter, Defendants filed an answer to the amended complaint on August

29, 2011.  (Doc. 85.)  Since that time, the parties have been engaging in discovery.

While some discovery disputes have already been resolved, presently outstanding

are issues relating to the discovery of certain video surveillance and documents

sought by Plaintiff in anticipation of the upcoming trial.  Those issues will be

discussed herein.


**II.   <u>Discussion</u>**

Generally, courts afford considerable latitude in discovery in order to ensure

that litigation proceeds with "the fullest possible knowledge of the issues and facts

before trial."  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  The polestar of

discovery is relevance.  Relevance for discovery purposes is defined broadly.  The

Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged

matter that is relevant to any party's claim or defense . . . .  Relevant information

need not be admissible at the trial if the discovery appears reasonably calculated to

lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "[A]ll

relevant material is discoverable unless an applicable evidentiary privilege is

asserted.  The presumption that such matter is discoverable, however, is

defeasible."  *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).  Rule 26(b)(2)

authorizes a court to limit discovery where

> (i) the discovery sought is unreasonably cumulative or duplicative, or
> is obtainable from some other source that is more convenient, less
> burdensome, or less expensive; (ii) the party seeking discovery has
> had ample opportunity to obtain the information sought by discovery
> in the action; or (iii) the burden or expense of the proposed discovery
> outweighs its likely benefit, considering the needs of the case, the
> amount in controversy, the parties' resources, the importance of the
> issues at stake in the action, and the importance of the discovery in
> resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i)-(iii).  However, when there is no doubt about relevance,

a court should tend toward permitting discovery.  *Stabilus v. Haynsworth, Baldwin,*

*Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265-66 (E.D. Pa. 1992).

Federal Rule of Civil Procedure 37 allows a party who has received evasive

or incomplete discovery responses to seek a court order compelling additional

disclosure or discovery.  The party seeking the order to compel must demonstrate

the relevance of the information sought.  The burden then shifts to the opposing

party, who must demonstrate in specific terms why a discovery request does not

fall within the broad scope of discovery or is otherwise privileged or improper.

*Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

As stated above, outstanding are Plaintiff's discovery requests related to

certain video surveillance and documents he contends are relevant to his case.

Those discovery requests are articulated in Plaintiff's motion for discovery filed on

July 9, 2012.  (Doc. 164.)  The court will review the requested discovery and the

objections Defendants raise thereto in an effort to resolve the instant discovery

dispute and place the case back in a posture to be resolved.

### A.    <u>Request No. 1</u>

In his first request, Plaintiff requests "All administrative remedies in

reference to this case directly and indirectly, including disciplinary hearing officer

report and subsequent appeals to any disciplinary action, as well as administrative

remedies requesting polygraph test."  (Doc. 164 at 3.)

In a notice filed July 23, 2012, Defendants respond as follows:

6.  In response to Milhouse's request for "all administrative remedies
in reference to this case directly and indirectly," on July 19, 2012,
Senior Attorney Sullivan[ ] conducted a search of the Bureau of
Prisons SENTRY computer system.

4

7.  This search revealed that from October 23, 2009 (the date of the incident alleged in the complaint) until July 19, 2012 (the date of the search), Milhouse filed five hundred and thirty-one (531) administrative remedies with the Federal Bureau of Prisons.

8.  Based on the number of remedies filed, it would be unduly burdensome to research which remedies related to any issues in this action.

9.  Further, it should be noted that Defendants provided Milhouse with copies of administrative remedies number 562515-F1, R1, and A1, in response to a previous discovery request.

(Doc. 168 ¶¶ 6-9) (citations omitted).  The administrative remedy request and appeals therefrom referred to by Defendants in this response are those filed by Plaintiff in connection with the relevant October 23, 2009 incident.  (*See* Doc. 102 at 7.)

The court agrees with Defendants that to respond to Plaintiff's instant request would unduly burden Defendants, as the request is unreasonably excessive. For this reason and in light of the documentation already provided to Plaintiff through previous discovery requests, Plaintiff's motion to compel will be denied with regard to Request No. 1.

5

**B.**   <u>Request No. 2</u>

In his second request, Plaintiff requests, "camera surveillance between 7:00

a.m. and 8:00 a.m., from each camera.  Any incident reports, medical report, and

special investigative service reports."  (Doc. 164 at 3.)

In their notice filed July 23, 2012, Defendants respond as follows to

Plaintiff's request for additional camera surveillance:

> 13.  Milhouse requests "camera surveillance between 7:00 am and
> 8:00 am, from each camera."  Defendants are submitting the
> Declaration of Lieutenant Jeff Benfer attached to the Motion for In
> Camera Review.
>
> 14.  The declaration provides details of the camera locations and the
> view which each camera records.
>
> 15.  Due to security concerns, the BOP does not release specific
> information regarding camera locations, the number of cameras,
> camera angles, capabilities (such as zoom, sound, etc.), or retention
> periods, since the release of such information could compromise the
> security and safety of the institution for inmates, visitors and staff.
>
> 16.  No other videotape footage was maintained in this case other than
> the videotape which Milhouse has already reviewed.

(Doc. 168 ¶¶ 13-16) (citations omitted).  In a supplemental notice to the court,

Defendants assert the following:

> 1.  On October 14, 2011, Kareem Hassan Milhouse viewed the video
> of the October 23, 2009, incident in which he was involved at USP-
> Lewisburg.

2. Milhouse was escorted to Case Manager Kissell's office by correctional staff.

3. Milhouse watched the video once.

4. Case Manager Kissell asked Milhouse twice if he would like to view the video again and Milhouse answered no both times.

5. Correctional staff then returned Milhouse to his cell without incident.

(Doc. 112 ¶¶ 1-5.) Further, it is noted that in his declaration, submitted to the court *in camera*, Declarant Benfer asserts that no additional video footage exists which could assist in this action, and no other videotape footage was maintained in this case other than the videotape that Plaintiff has already reviewed. (*In camera* Document.)

From Defendants' response to the instant request, it appears that Plaintiff already has been afforded the opportunity to view any camera surveillance footage relevant to the remaining issue in this case. While Plaintiff seems to be asserting that there is more footage in existence, Defendants clearly state that there is not. Therefore, the court finds that Defendants' notice is an adequate response to the request and will not direct the production of any further discovery in response to this request.

Turning to Plaintiff's request for documentation in this request, in their notice filed July 23, 2012, Defendants respond as follows:

7

17.  Milhouse requested "any incident reports, medical report and special investigative service reports."  The reports were provided to Milhouse in substance which is covered in the SIS reports.

18.  The form 583 was not provided to Milhouse.  The form 583 is an investigative document which describes the nature of the investigation and describes the information which the report relies upon.

19.  The form 583 references staff memorandums [sic] and medical records which are or have been provided to Milhouse.  The SIS form 583 reports will not be used at trial.  Additionally, they are investigative material covered by law enforcement privilege.

20.  Defendants are attaching an amended exhibit list which supplements the previous exhibit list.

* * *

Milhouse has been or will be this week provided with a hard copy or a chance to review all exhibits which will be used by Defendants at trial.  Milhouse will be able to view certain exhibits but may not possess them due to security and safety concerns.

(Doc. 168 ¶¶ 17-20) (citations omitted).  Further, Defendants' notice dated October 5, 2011 notes what relevant documentation was provided to Milhouse with respect to this request.  (*See* Doc. 102.)  Therefore, the court finds that Defendants' notices are an adequate response to the request and will not direct the production of any further discovery in response.  The motion to compel will be denied with regard to Request No. 2.

**C.**     **Request No. 3**

In his third request, Plaintiff requests, "All inmates housed in occupied cells 2-101, 103, 104, 122, 123, 124 and inmate McCormick. These inmates were witnesses to this incident." (Doc. 164 at 3.) In their notice filed July 23, 2012, Defendants respond to this request as follows:

> 10. In response to Milhouse's request for "all inmates housed in occupied cells, 2-101, 103, 104, 122, 123, 124 and inmate McCormick," no records responsive to this request exist.

> 11. Due to improvements in computer capabilities, it is possible to write a computer search program to obtain this information, however, such a request would require approval of the Office of General Counsel of the Federal Bureau of Prisons and the Senior Deputy Assistant Director, Information, Policy and Public Affairs Division.

> 12. It would also require staff to be diverted to write the program and it may require additional expenses.

(Doc. 168 ¶¶ 10-12.)

The court finds that this is an adequate response to the request and will not direct the production of any further documentation in response. Further, with respect to potential witnesses for Plaintiff, the court notes that it is incumbent upon Plaintiff to supply them in support of his own case at this stage in the litigation. As Plaintiff is clearly aware of this fact due to his filing of July 24, 2012, listing three prisoner witnesses he wishes to call for trial, (*see* Doc. 169), the court will not direct Defendants to further respond to this request. The motion to compel will be denied with regard to Request No. 3.

## D.   Request No. 4

In his final request, Plaintiff requests, "All disciplinary reports and sanctions/investigations previous filed and conducted on Defendants." (Doc. 164 at 3.)  In response, Defendants have submitted a statement for *in camera* review that details the disciplinary proceedings surrounding the termination of Defendant Timothy Crawford as a result of an October 23, 2009 incident involving another inmate and not related to the October 23, 2009 incident remaining at issue in this case. (*See in camera* Document.)  In their statement, with respect to the proceedings involving the other incident, Defendants assert,

> 8.  The disciplinary records are not relevant to any issue in this case as to whether excessive force was used on Milhouse and only can serve to prejudice the jury against the defendant with the implication that if he was disciplined in that case - he most likely acted unreasonably in this case.

> 9.  The records are inadmissible and irrelevant misconduct and should not be disclosed nor admitted into evidence because the prejudice far exceeds the probative value.

(*Id.*)

Upon review of the documentation submitted *in camera*, the court agrees with Defendants that Plaintiff is seeking information here which would be irrelevant to the allegations remaining at issue in this case.  The disciplinary

records are irrelevant and will not be admissible at trial.  Thus, the motion to

compel will be denied with regard to Request No. 4.


**III.    Conclusion**

Based on the foregoing, it is clear that Defendants have complied, in a good

faith effort, with the discovery requests at issue here served upon them by Plaintiff.

They have made documents and videotape footage available for inspection which

are not privileged, irrelevant, overbroad or objectionable on any other basis.  Thus,

Plaintiff's motions to compel (Docs. 105 & 164) will be denied.

An appropriate order will issue.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  August 2, 2012.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | **:** | |
| | **:** | |
| **Plaintiff** | **:** | **CIVIL NO. 1:CV-09-02134** |
| | **:** | |
| **v.** | **:** | **(Judge Rambo)** |
| | **:** | |
| **E. GEE,** *et al.,* | **:** | |
| | **:** | |
| **Defendants** | **:** | |

# O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motions to compel (Docs. 105 & 164) are **DENIED**.

s/Sylvia H. Rambo
United States District Judge

Dated:  August 2, 2012.